```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                           17 CR 307 (DLC)

ANTHONY WEINER,

                Defendant.

------------------------------x
                                         New York, N.Y.
                                         May 19, 2017
                                         11:00 a.m.

Before:

                HON. LORETTA A. PRESKA,

                                         District Judge

                    APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
STEPHANIE LAKE
AMANDA KRAMER
     Assistant United States Attorneys

COVINGTON & BURLING, LLP
     Attorneys for Defendant
ARLO DEVLIN-BROWN
PAUL DOWNS

ALSO PRESENT:  Special Agents John Robertson and Stacy
Shahrani, FBI

Pretrial Services Officer Joshua Rothman
```

```
H5J3WEIP                      Plea
```

1              THE COURT:  United States v. Anthony Weiner.  Is the
2     government ready?
3              MS. LAKE:  Yes.  Good morning, your Honor.  Stephanie
4     Lake and Amanda Kramer for the United States.  With us at
5     counsel table is Special Agent John Robertson and Stacy
6     Shahrani from the FBI.
7              THE COURT:  Is the defense ready?
8              MR. DEVLIN-BROWN:  Arlo Devlin-Brown and Paul Downs
9     for Mr. Weiner.
10             THE COURT:  Yes, sir.  Thank you.
11             Mr. Weiner, would you stand and raise your right hand.
12             (Defendant sworn)
13             THE COURT:  How old are you, sir?
14             THE DEFENDANT:  I'm 52 years old.
15             THE COURT:  Do you understand that you are now under
16    oath, and if you answer any question falsely, your answers may
17    later be used against you in a prosecution for perjury or the
18    making of a false statement?
19             THE DEFENDANT:  I do, your Honor.
20             THE COURT:  Where were you born?
21             THE DEFENDANT:  New York City.
22             THE COURT:  So you are a citizen of the United States?
23             THE DEFENDANT:  Yes, your Honor.
24             THE COURT:  You read, write, understand and speak
25    English?

1           THE DEFENDANT:  Yes, your Honor.
2           THE COURT:  How far did you go in school, sir?
3           THE DEFENDANT:  I graduated college.
4           THE COURT:  Are you currently under the care of a
5    doctor or a psychiatrist?
6           THE DEFENDANT:  I see a therapist regularly.
7           THE COURT:  Are you currently under the influence of
8    any substance such as alcohol, drugs, or any medication that
9    might affect your ability to understand what you're doing here
10   in court today?
11          THE DEFENDANT:  No, your Honor.
12          THE COURT:  Do you feel well enough to understand what
13   you are doing here in court today?
14          THE DEFENDANT:  I do, your Honor.
15          THE COURT:  Sir, have you received a copy of the
16   information lodged against you?
17          THE DEFENDANT:  Yes, I have, your Honor.
18          THE COURT:  Do you understand that you have the right
19   to have your case presented to the grand jury for indictment?
20          THE DEFENDANT:  I do, your Honor.
21          THE COURT:  Do you understand that you are under no
22   obligation to waive that right?
23          THE DEFENDANT:  I do, your Honor.
24          THE COURT:  Do you also understand that if you do not
25   waive that right, the government would have to present your

1    case to the grand jury, which might or might not indict you?
2             THE DEFENDANT:  I understand that, your Honor.
3             THE COURT:  Am I correct that after conferring with
4    counsel, you've decided that it's in your best interests to
5    waive indictment in this situation?
6             THE DEFENDANT:  Yes, your Honor.
7             THE COURT:  Have you indicated that waiver in a
8    document which I'm holding up and is dated May 19, 2017?
9             THE DEFENDANT:  Yes, your Honor.
10            THE COURT:  Is that your signature on the top line
11   there?
12            THE DEFENDANT:  It is, your Honor.
13            THE COURT:  I find that the defendant has knowingly
14   and voluntarily waived his right to indictment.
15            Sir, have you gone over the information with your
16   attorney?
17            THE DEFENDANT:  I have, your Honor.
18            THE COURT:  Do you want me to read the whole thing out
19   loud in court now or is it sufficient that you've gone over it
20   with your attorney?
21            THE DEFENDANT:  It's not necessary to read it.  I've
22   read it myself, your Honor.
23            THE COURT:  How do you now plead, sir?
24            THE DEFENDANT:  I plead guilty, your Honor.
25            THE COURT:  All right, sir.  Has Mr. Devlin-Brown

1     explained to you the charges against you?
2              THE DEFENDANT:  He has.
3              THE COURT:  Have you told him everything you know
4     about the matter?
5              THE DEFENDANT:  Yes, I have.
6              THE COURT:  You haven't held anything back from him,
7     have you, sir?
8              THE DEFENDANT:  No, your Honor.
9              THE COURT:  Counsel, am I correct that there is an
10    agreement between the government and the defendant which is
11    dated May 4, 2017, and which is signed May 10, 2017?
12             MS. LAKE:  Yes, your Honor; that's correct.
13             MR. DEVLIN-BROWN:  It is correct, your Honor.
14             THE COURT:  Thank you.  We'll mark it as Court Exhibit
15    1.
16             May I ask the government to summarize, please, the
17    terms and conditions in the agreement.
18             MS. LAKE:  Yes, your Honor.  The agreement
19    contemplates a plea to Count One of the information which
20    charges that the defendant transmitted obscene material to a
21    minor who was under the age of 16.
22             In the agreement the parties stipulate to a sentencing
23    guidelines range of 120 months' imprisonment.  While the
24    sentencing judge has the ultimate authority to determine the
25    sentence in this case, the government has agreed, pursuant to

1  the agreement, that a sentence within the range of 21 to 27
2  months' imprisonment would be fair and appropriate under the
3  circumstances.  This is the sentencing guidelines range that
4  would result, absent the application of certain cross
5  references in the sentencing guidelines.
6              The agreement further contains an appellate waiver
7  through which the defendant agrees not to appeal any sentence
8  that is within or below the range of 21 to 27 months'
9  imprisonment.
10             THE COURT:  Yes, ma'am.
11             Mr. Weiner, are those the terms and conditions of the
12 agreement as you understand them?
13             THE DEFENDANT:  They are, your Honor.
14             THE COURT:  Do you understand that in this agreement
15 you have agreed that you will not appeal or otherwise litigate
16 a sentence within or below 21 to 27 months' imprisonment?
17             THE DEFENDANT:  I understand that, your Honor.
18             THE COURT:  Do you also understand that in this
19 agreement you have agreed to forfeit essentially an iPhone?
20             THE DEFENDANT:  Yes, your Honor.
21             THE COURT:  Do you also understand that in this
22 agreement you have acknowledged your obligation to comply with
23 the Sex Offender Registration and Notification Act?
24             THE DEFENDANT:  I understand that, your Honor.
25             THE COURT:  Sir, have you had adequate time to review

the agreement and to go over it with counsel?

    THE DEFENDANT:  I have, your Honor.

    THE COURT:  Holding up the agreement here and turning to the last page, is that your signature over here on the left-hand side under the words "agreed and consented to"?

    THE DEFENDANT:  It is, your Honor.

    THE COURT:  Am I correct that your willingness to offer to plead guilty is in part a result of this agreement between you and the government?

    THE DEFENDANT:  It is, your Honor.

    THE COURT:  Counsel, are there any other agreements between the defendant and the government that are not set forth in the written plea agreement?

    MS. LAKE:  No, your Honor.

    MR. DEVLIN-BROWN:  No, your Honor.

    THE COURT:  Very well then.  The agreement is acceptable to the Court.

    Sir, have you been induced to offer to plead guilty as a result of any fear, pressure, threat, or force of any kind?

    THE DEFENDANT:  No, your Honor.

    THE COURT:  Have you been induced to offer to plead guilty by reason of any statements by anyone, other than in your written plea agreement --

    THE DEFENDANT:  No, your Honor.

    THE COURT:  -- to the effect that you would get

1    special leniency, special treatment, or some kind of special

2    consideration if you pleaded guilty, rather than going to

3    trial?

4              THE DEFENDANT:  No, your Honor, I have not.

5              THE COURT:  Do you understand that you have the right

6    to plead not guilty and to proceed to trial?

7              THE DEFENDANT:  I understand that, your Honor.

8              THE COURT:  Do you understand that if you do not plead

9    guilty, you're entitled to a speedy and public trial by a jury

10   of 12 persons?

11             THE DEFENDANT:  I understand that, your Honor.

12             THE COURT:  Do you understand that you have the right

13   to be represented by an attorney at trial and at every stage of

14   the proceeding, including an appeal?  If you cannot afford an

15   attorney, one will be appointed to represent you free of

16   charge.

17             THE DEFENDANT:  I understand that, your Honor.

18             THE COURT:  Do you understand that if your plea of

19   guilty is accepted, there will be no further trial of any kind?

20             THE DEFENDANT:  I do understand that, your Honor.

21             THE COURT:  Do you understand that if you pleaded not

22   guilty and went to trial, you would be presumed innocent,

23   unless and until the government proved your guilt beyond a

24   reasonable doubt to all 12 jurors?

25             THE DEFENDANT:  I understand that, your Honor.

1           THE COURT:  Do you understand that upon such a trial,
2    you would have the right to confront and cross-examine all of
3    the witnesses called by the government against you?
4           THE DEFENDANT:  I understand that, your Honor.
5           THE COURT:  Do you understand that at such a trial you
6    could remain silent, and no inference could be drawn against
7    you by reason of your silence, or, if you wanted to, you could
8    take the stand and testify in your own defense?
9           THE DEFENDANT:  I understand that, your Honor.
10          THE COURT:  Do you understand that at such a trial you
11   would have the right to subpoena witnesses and evidence for
12   your own defense?
13          THE DEFENDANT:  I do understand that, your Honor.
14          THE COURT:  Do you understand that if your plea of
15   guilty is accepted, you give up these rights with respect to
16   this charge against you, and the Court may impose sentence just
17   as though a jury had brought in a verdict of guilty against
18   you?
19          THE DEFENDANT:  I understand that, your Honor.
20          THE COURT:  Do you understand that if you wanted to,
21   and if the government agreed, you could have a trial before a
22   judge without a jury, in which event the burden of proof would
23   still be on the government and you would still have the same
24   Constitutional rights?
25          THE DEFENDANT:  I understand that, your Honor.

1               THE COURT:  Sir, do you understand that upon your plea

2      of guilty to this charge, the Court has the power to impose

3      upon you a maximum period of imprisonment of 10 years, a

4      maximum period of supervised release of three years, a maximum

5      fine of $250,000, a $100 mandatory special assessment, and

6      restitution?

7               THE DEFENDANT:  I understand that, your Honor.

8               THE COURT:  Do you understand that if the terms and

9      conditions of supervised release are violated, you may be

10     required to serve an additional period of imprisonment which is

11     equal to the period of supervised release, with no credit for

12     time already spent on supervised release?

13              THE DEFENDANT:  I understand that, your Honor.

14              THE COURT:  Have you discussed the sentencing

15     guidelines with your attorney?

16              THE DEFENDANT:  I have.

17              THE COURT:  Do you understand that the Court will not

18     be able to determine exactly what guideline applies to your

19     case until after a presentence report has been completed, and

20     you and your attorney and the government have a chance to

21     review it and to challenge the facts that are set out there?

22              THE DEFENDANT:  I understand that, your Honor.

23              THE COURT:  Do you understand that in determining a

24     sentence, it's the Court's obligation to calculate the

25     applicable sentencing guidelines range, and then to consider

1    that range, possible departures from that range under the

2    guidelines, and other sentencing factors that are set out in

3    the statute, 18, United States Code, Section 3553(a)?

4            THE DEFENDANT:  I understand that, your Honor.

5            THE COURT:  Do you understand that under some

6    circumstances as set forth in your plea agreement, either you

7    or the government might have the right to appeal whatever

8    sentence is imposed?

9            THE DEFENDANT:  I understand that, your Honor.

10           THE COURT:  Do you understand that parole has been

11   abolished, so if you're sentenced to prison, you will not be

12   released on parole?

13           THE DEFENDANT:  I understand that, your Honor.

14           THE COURT:  Do you understand that you will not be

15   able to withdraw your plea on the ground that your lawyer's

16   prediction or anybody else's prediction as to the applicable

17   sentencing guidelines range or as to the actual sentence turns

18   out not to be correct?

19           THE DEFENDANT:  I understand that, your Honor.

20           THE COURT:  Do you understand that the offense to

21   which you are pleading guilty is a felony?

22           THE DEFENDANT:  I do, your Honor.

23           THE COURT:  Are you fully satisfied with the advice,

24   counsel, and representation given to you by your attorney,

25   Mr. Devlin-Brown?

1            THE DEFENDANT:  I am, your Honor.

2            THE COURT:  Do I correctly understand that you are

3    offering to plead guilty because you are in fact guilty?

4            THE DEFENDANT:  I am guilty, your Honor.

5            THE COURT:  If you wish to plead guilty, sir, I'm

6    going to ask you to tell me what you did.  As you can see, your

7    answers will be made in counsel's presence, and your answers

8    will be recorded on the record.  I remind you that you're still

9    under oath.  So if you answer falsely, those answers may later

10   be used against you.

11           Do you understand, sir?

12           THE DEFENDANT:  I understand that, your Honor.

13           THE COURT:  Do you still wish to plead guilty?

14           THE DEFENDANT:  I do, your Honor.

15           THE COURT:  Tell me what you did, sir.

16           THE DEFENDANT:  I've given this some thought so I've

17   written it down.  Is it okay if I read it?

18           THE COURT:  Yes, sir.

19           THE DEFENDANT:  Beginning with my service in Congress,

20   and continuing into -- forgive me, your Honor.

21           THE COURT:  Take your time, sir.

22           THE DEFENDANT:  Beginning with my service in Congress,

23   and continuing into the first half of last year, I've

24   compulsively sought attention from women who contacted me on

25   social media, and I engaged with many of them in both sexual

and non-sexual conversation.

These destructive impulses brought great devastation to my family and friends, and destroyed my life's dream in public service. Yet, I remained in denial even as the world around me fell apart.

In late January 2016, I was contacted by and began exchanging online messages with a stranger who said that she was a high school student, and who I understood to be 15 years old.

Through approximately March of 2016, I engaged in obscene communications with this teenager, including sharing explicit images and encouraging her to engage in sexually explicit conduct, just as I had done and continued to do with adult women. I knew this was as morally wrong as it was unlawful.

This fall I came to grips for the first time with the depths of my sickness. I -- I had hit bottom. Through treatment I found the courage to take a moral inventory of my defects. I began a program of recovery and mental health treatment that I continue to follow every day.

I accept full responsibility for my conduct. I have a sickness, but I do not have an excuse. I apologize to everyone I have hurt. I apologize to the teenage girl whom I mistreated so badly, and I am committed to making amends to all those I have harmed.

Case 1:17-cr-00307-DLC   Document 10   Filed 06/26/17   Page 14 of 16      14
H5J3WEIP                        Plea

1           Thank you, your Honor.
2           THE COURT:  Yes, sir.  Thank you.
3           Ms. Lake, is there anything further by way of
4    allocution?
5           MS. LAKE:  No, your Honor.  Thank you.
6           THE COURT:  Mr. Devlin-Brown, do you know any of valid
7    defense that would prevail if the defendant went to trial?
8           MR. DEVLIN-BROWN:  I don't know of any, your Honor.
9           THE COURT:  Do you know of any reason why he should
10   not plead guilty?
11          MR. DEVLIN-BROWN:  I do not know of any.
12          THE COURT:  Very well then.  The plea is accepted.  It
13   is the finding of the Court in the case of the United States v.
14   Anthony Weiner that the defendant is fully competent and
15   capable of entering an informed plea, and that his plea of
16   guilty is knowing and voluntary and is supported by an
17   independent basis in fact containing each and every essential
18   element of the offense.
19          My findings are based upon the defendant's allocution,
20   and, in addition, upon my observations of him here in court
21   today.  The plea of guilty is accepted.  The defendant is now
22   adjudged to be guilty of the offense.
23          Now, sir, as you know, you'll be required to meet with
24   the probation officer and to give the officer certain
25   information to be included in the presentence report.  Counsel

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    may be present with you when you meet with the probation

2    officer if you want, but certainly both you and he and the

3    government will have a chance to read the presentence report

4    prior to sentencing.

5               Sentencing will be on September 8, at 11 a.m., before

6    Judge Denise Cote.

7               Counsel, do you have anything further?

8               MS. LAKE:  Yes, your Honor.  The parties have a joint

9    proposed bail package for the Court's consideration.  This

10   would include a $150,000 personal recognizance bond, pretrial

11   supervision as directed, that the defendant's travel be

12   restricted to the Southern, Eastern, and Northern Districts of

13   New York, that the defendant surrender all travel documents and

14   make no new applications, that he continue current mental

15   health treatment and permit pretrial services to confirm his

16   participation, that he not have any knowing contact with the

17   victim or witnesses, and that the defendant may be released

18   today on his own signature and any remaining conditions may be

19   met within one week.

20              THE COURT:  Thank you.  Mr. Devlin-Brown, is that

21   acceptable to you?

22              MR. DEVLIN-BROWN:  Yes, and I will note we already

23   surrendered the passport this morning.

24              THE COURT:  Yes, sir.  The agreement is sufficient.

25              Sir, a member of the clerk's office staff will attend

H5J3WEIP                       Plea

1   to you immediately after this proceeding is over to review the
2   bond with you.
3            THE DEFENDANT:  Thank you, your Honor.
4            THE COURT:  Counsel, is there anything further?
5            MS. LAKE:  No, your Honor.
6            MR. DEVLIN-BROWN:  No, your Honor.
7            THE COURT:  Very well then.  Good morning, ladies and
8   gentlemen.
9                                 o0o