Exhibit 21

# Rabbi Pesach Lerner
Executive Vice President, Emeritus, National Council of Young Israel

---

July 24, 2017

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY, 10007-1312

Dear Judge Cote,

I write this letter to describe my professional experiences with Mr. Anthony Weiner.

I was the executive vice president of the National Council of Young Israel from 1991-2012. The National Council of Young Israel is the umbrella organization of all Young Israel Synagogues throughout the United States and Canada. About 50 of those Synagogues are in New York State. I remain active within the greater Jewish community.

Mr. Weiner was a member of the NY City Council and, then, was a Congressman for NY's 9th congressional district.

Mr. Weiner's office was always open to us. He assisted the many Young Israel synagogues in his district. He, often, took the lead on issues important to our community.

As a Congressman, he continued that open door policy. He and his staff were available to us. Once again, he took the lead on issues important to us; often, he was a lone voice.

But, in my mind, Anthony stood out from most politicians.

Anthony put the needs of his constituents first; something we recognized and appreciated. We were able to call upon him whenever and wherever necessary; and he always responded.

But what made Anthony special was the care and concern he showed to the individual. He felt their pain and their needs became his; and, he acted accordingly. I remember one specific situation, Anthony, personally, went to court to appeal to the judge for mercy for an individual, because he cared. I, and the individuals he helped, will never forget his efforts and kindness.

Sincerely,

*Pesach Lerner*



NATIONAL COUNCIL
OF YOUNG ISRAEL
212-929-1525 ext.110
PLerner@YoungIsrael.org

Exhibit 22

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

August 15, 2017

Dear Judge Cote,

I have known Anthony Weiner for seven years. He attended High Holiday services with his son at my congregation and I have met with Anthony on many occasions to discuss his life, his personal trials, his marriage, and his role as a father and member of society. These meetings took place while he was a Congressman, throughout his resignation, during his NYC Mayoral campaign, during the past year when the acute nature of his illness, as he described to me, came to the surface, during his treatment, and now, during his recovery.

I have come to know different aspects of this man over the years and have watched his life unravel. While I do not know the specifics of his treatment nor his medical condition, I can tell you about the father that Anthony is to his son, ▮▮▮

▮▮▮
No father could love a son more or put his son's interests first. ▮▮▮
▮▮▮
▮▮▮
▮▮▮

I hope these brief remarks have been helpful to you and to the court and I wish you well.

Sincerely yours,

*Rabbi Darren Levine*

Rabbi Darren Levine
▮▮▮

Exhibit 23



New York, New York

June 19, 2017

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE: Anthony Weiner

Dear Judge Cote:

I am writing this letter in connection with the sentencing of Anthony Weiner.

In February, 2008, I joined then-Congressman Weiner along with other congressmen and volunteers to parade through the streets of Brooklyn to publicize our support for another candidate for higher office. Mr. Weiner grabbed a megaphone and exhorted onlookers to engage in "hakarat hatov," that is, "honor and recognition of the good" that this candidate had done for constituents. His words often echo in my mind, and it is in obedience to this Talmudic mandate, to give recognition of the good works done by someone, that I submit this letter for your consideration.

In the spring of 2004, my struggles to have a baby necessitated medical treatment. I soon discovered that I had a lifetime insurance coverage cap of $10,000.00 for the treatment of infertility, which, given the high costs of this treatment, meant I would need to come up with significant funds if I wanted to be a parent. I learned that many states, including New York, do not require coverage for in vitro fertilization, a wrong that must be changed. In early 2007, I went to Capitol Hill, armed with statistics, data on treatment costs, and medical information to seek change to this inequity in access to treatment across the country. I met with a staffer in Congressman Weiner's office to request that Congressman Weiner introduce legislation to mandate coverage for infertility treatment nationwide. This staffer alerted RESOLVE: The National Infertility Association, of my efforts on Capitol Hill

On Father's Day 2007, I met with Congressman Weiner at a playground on the Upper East Side with another infertility patient from Connecticut, who did have coverage. We related our stories, and the effects not having coverage for treatment had on me, the bad medical decisions one makes when driven by costs concerns rather than best medical practice, the stress on work and marriage (I am now divorced) caused by infertility and its costs, and the economic benefits recognized by states that provide coverage. Soon thereafter, using the power of his office to offer legislation that would help real people achieve their dreams of becoming parents, Congressman Weiner introduced legislation, The Family Building Act, which would have mandated coverage for infertility treatment.

Mr. Weiner's confirmation that one person's commitment to resolving a wrong can make a difference, has continued to motivate my ongoing advocacy work. As of now, legislation just passed in the New York State Assembly to reverse the exclusion of in vitro fertilization from required coverage in New York (headed now to the State Senate). By showing me that activism matters, Mr. Weiner contributed to my ongoing role in making things better for New York's, and this country's, citizens.



# Globe Wholesale Tobacco Distributors Inc.

5406 Third Avenue, Brooklyn, New York 11220
Tel.: 718-439-7478 – 718-439-8917 • Fax: 718-439-7489

*Established 1946*



*From the Desk of Lenny Schwartz - President*



To: Honorable Judge Denise Cote　　　　　　　　　August 25, 2017
Re: Sentencing Recommendation Anthony Weiner

Your Honor,

    I write in recommendation of sentencing that considers treatment, as opposed to incarceration for this public servant that I have known since his birth.

    My background currently includes, presidency of Globe Wholesale in Brooklyn; chairman of the statewide association of tax collection agents; Chairman of the teamster's local 805 pension; among charitable endeavors. But, more saliently, as a constituent of Anthony Weiner's district during his tenure as New York City Councilman and then again as he was United States Congressman.

    Anthony's dad, Morton Weiner and I graduated from NYU Law School (the class of '59) and have lived in the same neighborhood of Brooklyn, while raising our families ever since.
When Anthony finished his formal education and considered how best to fulfill his nascent desire for public service, he sought my advice out of respect. We spoke and I recommended that he pursue a career in Brooklyn politics under these two conditions: Always be accessible and act with integrity, never betraying the public trust. He agreed and that day a career in public service had begun.

    Anthony became a "bulldog" in his prosecution of his duties as an indefatigable worker for the people of Brooklyn and South Queens. But, what I value most in his accomplishments is his efforts in passage of his proposed legislation known as the PACT ACT. This law, which among its other attributes prohibits the Internet sales of cheap untaxed cigarettes to minors and adults alike, has saved lives!

    In my over eighty years on this earth, I have seen both the good and bad in people and have come to accept the dichotomy therein. Yet, the fall from grace of this man of promise leaves me both saddened and confused. Seeking explanation, I have learned of a new psychiatric thought, which fits Anthony to a "T", called **"Impulsive Flirtation Disorder."** The Internet, with its obfuscation through anonymity and disregard for the accepted values of "face to face" behavior is a lure for those with emotional aberration. Anthony's repeated inability to control his infliction at the expense of his Congressional career, his marriage and his bid for the Mayoral race in New York, while simultaneously asking for public scrutiny from the press is certainly indicative of illness.

    Please use the discretion provided to you in evaluating the best course for justice, while considering how best to rehabilitate this accomplished public servant. In spite of his astonishing failure, he is intrinsically worth it.

Sincerely,

*[signature]*

Exhibit 25

*Alexander T. Singer*
*Attorney at Law*




*Brooklyn, New York*

August 9, 2017

Hon. Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl St.
New York, New York 10007

      Re:    Anthony Weiner

Dear Judge Cote,

      I am a resident of the Manhattan Beach Community located in Brooklyn, New York. I have known Mr. Weiner since he was a councilman. I am very active in my community group having served as a past president of our Community Group. During the time that Mr. Weiner represented my community both as councilman and congressman, on many occasions I contacted Mr. Weiner concerning problems affecting our community. He was always responsive to my request and both he and his staff worked on our community problems and in most instances, he was successful. Additionally, I know many of his constituents made requests of Mr. Weiner as it pertains to various problems and again he responded to their requests. He never turned the community down when a request was made and to the best of my knowledge, he never turned down a constituent who needed his aid. He was a great and devoted public servant.

      On a personal note, both my wife and I are eternally grateful to Mr. Weiner in a time of need. When there was a terrorist bombing on two subways in London several years ago, both my son and daughter in law resided in London and worked in the financial district. Their subway stop was at the location where bombs exploded on two subway cars. My wife and I were unable to communicate with our children either by telephone or by email and we were very concerned about their safety. I called Mr. Weiner before 9 a.m. that day and told him our concern about the safety of our children. He asked me for their names, where they resided and the place of their employment. Approximately two hours later, I received a call from Mr. Weiner's chief of staff who had my daughter in law on a conference call in London. She told us she and our son were safe. The chief of staff told me that after my call with Mr. Weiner, he called the United States Embassy in London, gave them the information about our children and directed them him to locate them which they did. You cannot

imagine our gratitude in the help we received from Mr. Weiner during the time when we were concerned about their safety and he responded immediately. This act by Mr. Weiner speaks volumes of his integrity and character.

      I will not comment about his case in that he pled guilty and is before your Honor for sentencing. However, I would like to advise Your Honor that withstanding any transgressions which may have been committed by Mr. Weiner, his excellent service as a public servant responding to the needs of communities and constituents which he represented warrants considerable consideration in the sentence which Your Honor is to impose upon him. We are all human and make mistakes. However, in this instance I believe Mr. Weiner's transgression was not as a result of malice but rather of a situation which was not within his control. In my opinion, this factor should be taken into consideration by the Court.

                                                      Very truly yours,

                                                      Alexander T. Singer

ATS/fd