

September 18, 2017

U.S. District Judge Denise Cote
Southern District of New York
500 Pearl Street
New York, NY

Dear Judge Cote,

I am a member of the public and a reporter for Newsday covering the case of U.S. v. Anthony Weiner, 17CR307. I am writing to request access to an unredacted version of Weiner's Sentencing Submission with all exhibits (Docket 24) and an unredacted version of the Letter from Weiner's lawyer (Docket 26).

As you know, there is a presumption of press and public access under both the common law and our Constitution to all court proceedings and judicial documents. Sentencing hearings and materials related to them are covered by the presumption. Hearings can be closed and filings sealed only if a judge finds there is an overriding government interest in secrecy. Any sealing or closure must be narrowly tailored.

Since Mr. Devlin-Brown has, appropriately, sought your approval for his proposed redactions and you are already reviewing them, I only want to comment on one aspect of his request – the suggestion (Pages 1-2) that it is appropriate to redact statements Weiner made to mental health professionals, treatment recommendations and his performance on diagnostic tests.

The purpose of the presumption is to put the public in a position to evaluate intelligently and skeptically the claims of the parties, your decisions and the operation of our justice system – which in this case means the public needs to be able to evaluate the arguments and ruling on Weiner's sentence.

As you know, Weiner has been a prominent and powerful person. The government has already included in the plea agreement a recommendation for a steep discount from guidelines – and Weiner is asking for an even steeper departure. The claim that he is not a sexual deviant and that his problem can be handled by treatment is pretty much the whole argument for the extraordinary requests you will rule on.

In that context, to keep secret the most critical facts on these precise points -- Weiner's statements to professionals, which the public might see as genuine or disingenuous; treatment recommendations; and performance on diagnostic tests – would effectively disable the public's ability to oversee and evaluate the process.

Countervailing privacy claims may be compelling when it comes to Weiner's brother, son and anonymous supporters who are receiving treatment. But Weiner himself achieved great power by being, as he says, "big and loud," and got into trouble by aggressively sharing very private aspects of himself. Given this history, it is more ironic than

compelling to contend that suddenly protection of Weiner's privacy outweighs both the presumption and the public interest in knowing the key facts he is offering the judge in support of leniency.

Transparency enhances public trust in the judicial system, and secrecy erodes it. That is the reason for the presumption and there is no compelling reason to set it aside with regard to these particular matters.

Thank you.

/John Riley
Newsday
516-458-2393
riley@newsday.com