# COVINGTON

BEIJING  BRUSSELS  DUBAI  JOHANNESBURG  LONDON
LOS ANGELES  NEW YORK  SAN FRANCISCO  SEOUL
SHANGHAI  SILICON VALLEY  WASHINGTON

Arlo Devlin-Brown

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1046
adevlin-brown@cov.com

**MEMO ENDORSED**

*Handwritten endorsement:* Redactions are approved to this letter, the defendant's memorandum and to the exhibits, with one exception. The parties shall discuss whether portions of exhibit 43, and the memorandum's discussion of it, may be placed in the public record.
/s/ Denise Cote
9/19/17

Request to Be Sealed

September 13, 2017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/19/17

**By Hand**

Hon. Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *United States v. Anthony Weiner*, 17 Cr. 307

Dear Judge Cote:

On behalf of our client, Anthony Weiner, we are submitting the attached copy of the sentencing submission that is being filed today on ECF, along with the accompanying exhibits. This hard copy does not contain any redactions, and we are providing the same unredacted version to the Government.

The version of the submission filed on ECF contains certain proposed redactions. As an initial matter, in accordance with your Honor's "Individual Rules of Practice for Sentencing Proceedings," we have redacted information in the five categories of "sensitive information" (*i.e.*, social security numbers, names of minor children, dates of birth, financial account numbers, and home addresses) and the six categories of "information requiring caution" (*i.e.*, personal identifying number, medical records, treatment and diagnosis, employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government).

With respect to the category of "medical records, treatments and diagnosis," we note that Mr. Weiner received a number of letters of support from individuals who are themselves undergoing treatment for sexual disorders (in many cases in programs based on anonymity) and identifying information about these individuals and the specific information about the program meeting locations / times has therefore been redacted entirely. We have also redacted on this basis material relating to Mr. Weiner's troubled older brother Seth ████████████████████████████████████████. With respect to Mr. Weiner himself, we have elected not to redact much of the information relating to his diagnosis and treatment, and generally limited such redactions to (1) statements Mr. Weiner made to mental health professionals, (2) specific ongoing treatment recommendations, and (3)

NY: 1066717-2

**COVINGTON**

September 13, 2017

Page 2

details regarding his performance on various diagnostic tests. We have not redacted overall findings regarding ongoing risk and recidivism measures.

In addition to redactions falling under these specific categories, we have made a very modest number of redactions where third party privacy interests provided a strong basis for doing so. See *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ( "The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."). In particular, redactions have been made to protect the privacy interests of entirely innocent family members who have been the subject of significant scrutiny in this case.



We have also redacted identifying information from letters

Because we propose only minor redactions (the name and obvious identifying information), the substance of these letters and the relationship that the writer had with Mr. Weiner will be fully apparent even with these redactions.

We are of course available to provide any further information the Court requires to assess this request.

Respectfully submitted,

Arlo Devlin-Brown

cc:   Amanda Kramer, Esq.
      Stephanie Lake, Esq.