

**Davis Wright Tremaine LLP**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-27-2017

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Jeremy A. Chase**
(212) 603-6495 tel
(212) 379-5235 fax

jeremychase@dwt.com

September 26, 2017



RECEIVED SEP 27 2017 CHAMBERS OF DENISE COTE

**VIA HAND DELIVERY**

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *United States of America v. Anthony Weiner*, No. 17 Cr. 307 (DLC)

Dear Judge Cote:

We write on behalf of NYP Holdings, Inc., publisher of the *New York Post* (the "*Post*") to respectfully object to the Court's decision to seal letters received by the Court in relation to the sentencing of former U.S. Congressman Anthony Weiner in the above-referenced action. In light of the First Amendment and common law rights of access to criminal court proceedings, the *Post* respectfully requests that the Court reconsider its ruling and release the sentencing letters to the public, with proper redactions of personally identifiable information where necessary.

Yesterday morning the Court sentenced Mr. Weiner to twenty one months in prison for the crime of transferring obscene material to a minor in violation of 18 U.S.C. § 1470. During the sentencing hearing, Your Honor observed that the Court had received letters from the victim, her father, and her grandmother in relation to Mr. Weiner's sentence, as well as Mr. Weiner's short responses to each. The Court then ruled that "those matters will be sealed as a part of the sentence." Transcript of September 25, 2017 Sentencing ("Tr.") at 3:4-7. The Court acknowledged on the record that the letters were very helpful and that it considered the letters in issuing its sentence to Mr. Weiner. Specifically, the Court stated:

> I want to note before I hear from the parties that the letters submitted to me have been very helpful. Some of them have been extraordinarily brave to write, and I found them informative and have considered them.

Tr. at 5:7-10.

4852-1307-3744v.1 3930033-000039

Anchorage   New York      Seattle
Bellevue    Portland      Shanghai
Los Angeles San Francisco Washington, D.C.

www.dwt.com

Hon. Denise L. Cote
September 26, 2017
Page 2

      The U.S. Supreme Court consistently has recognized that the public and press have a presumptive First Amendment right of access to judicial proceedings and judicial documents in criminal cases, finding that "a presumption of openness inheres in the very nature of a criminal trial under our system of justice." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573, 597-98 (1980) (First Amendment right of access promotes "the citizen's desire to keep a watchful eye on the workings of public agencies . . . and in the newspaper publisher's intention to publish information concerning the operation of government."); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *United States v. Sattar*, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006) (collecting cases). This right of access extends to materials submitted to the Court in connection with sentencing that the Court is asked to consider. *See United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005) ("[A] qualified First Amendment right of public access attaches to sentencing proceedings."); *United States v. Park*, 619 F. Supp. 2d 89, 93–94 (S.D.N.Y. 2009); *United States v. Strevell*, No. 05 Cr. 477, 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009); *Sattar*, 471 F. Supp. 2d at 385–87; *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y.2008).

      The public has a strong interest in learning what the defendant and victims tell the court. Members of the public want to know what people charged with violating the law have to say for themselves. They want to know the context for the sentencing decisions made by the Court. This is why sentencing letters, like all court records, are presumptively open to the press and public. *See Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984); *Sattar*, 471 F. Supp. 2d at 385–87. Moreover, the public has a particular interest in understanding as much of what went into the Court's sentencing decision here as possible considering that the prosecution of Mr. Weiner is by no means a garden-variety prosecution for a sexual offense. Indeed, the Court observed during the hearing that "[b]ecause of the defendant's notoriety, gained well before he engaged in this criminal activity, there is intense interest in this prosecution, in his plea, and his sentence." Tr. at 24:23-25. Mr. Weiner's status as a former member of the U.S. House of Representatives and a former New York City Mayoral candidate lends extra weight to the newsworthiness of the charges against him and the public's interest in understanding the full basis for his sentencing.

      Nearly every judge in the Southern District of New York, including Your Honor, has an individual rule providing explicitly that sentencing submissions must be publicly accessible.[1]

---

[1] *See, e.g.*, Individual Practices of Hon. Kimba M. Wood, ¶ 6.C. ("The Court assumes that every document in a sentencing submission, including letters, will be filed in the public record either in paper fonn or through the ECF system ...."); Individual Rules of Practice for Sentencing Proceedings, Hon. Richard A. Sullivan (same); Individual Rules of Practice for Sentencing Proceedings, Hon. Colleen McMahon (same); Individual Rules of Practice for Criminal Case Sentencing Proceedings, Hon. Richard M. Berman (same); *see also* Individual Rules and Practices of Judge John G. Koeltl, ¶ I .G. ("Except for submissions to be filed under seal or in redacted form, every document in a sentencing submission, including letters, must be filed on ECF."); Individual Rules for Criminal Cases for Judge

4852-1307-3744v.1 3930033-000039

Individual Practices in Criminal Cases, Hon. Denise Cote, ¶ 6. And though Your Honor's and certain other District Judges' rules provide for an exception to this general rule in the case of documents filed under seal or with redactions, documents, such as sentencing letters that are otherwise subject to the First Amendment and common law right of access, may be sealed, only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); *Globe Newspaper Co. v. Superior Ct. for Norfolk Cty.*, 457 U.S. 596, 606-07 (1982) (government must show denial of access to criminal trial is "necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest"). Here, the Court made no on the record findings related to its decision to seal the sentencing letters here, did not articulate a compelling governmental interest, nor did it fashion a narrowly tailored remedy to serve that interest.

While the *Post* is cognizant of the fact that this case concerns Mr. Weiner's improprieties of a sexual nature with a minor, concerns for the privacy of the victim that are usually paramount in such a case are not nearly as pertinent here. While the victim's name has generally been kept out of the public discourse, on September 8, 2017, the victim appeared for a sit-down interview on the nationally-televised tabloid news program, *Inside Edition*, to recount many of the sordid details of Mr. Weiner's online interactions with her, her reaction to his advances, and even her thoughts on how her coming forward may have impacted the presidential election. In this interview, the victim's face was not obscured in any way, and her father participated in the interview as well (though *Inside Edition* did not show his face).[2]

The *Post* recognizes that this young woman is indeed a victim, and that both she and her family are entitled to some measure of privacy. However, considering the highly public nature of this case and the victim's recent willingness to speak freely about this case *and* show her face to a national audience, the *Post* contends that sealing the entirety of the letters is not narrowly tailored to serve the interest of maintaining her and her family's current level of privacy. Therefore, the *Post* respectfully requests that the Court release these letters to the public while utilizing the more narrowly tailored protection of redacting all personally identifiable information such as names, addresses, telephone numbers, or e-mail addresses that may appear on the letters. This will maintain the measure of privacy the victim and her family have sought to preserve at this point in time.

---

William H. Pauley III ("Except as provided in Section III [of the Individual Rules], all sentencing submissions, including any letters or other attachments, must be filed electronically on ECF.").

[2] "Teen Who Says Anthony Weiner Sexted Shows Her Face for First Time: 'It Went Downhill Really Fast,'" Inside Edition (Sept. 8, 2017), available at http://www.insideedition.com/headlines/25377-teen-who-says-anthony-weiner-sexted-her-shows-her-face-for-first-time-it-went; *see also* "Teen Who Was Sexted by Anthony Weiner Talks About Her Role in Trump's Election," Inside Edition (Sept. 11, 2017) available at https://www.youtube.com/watch?v=L2CJjj-TxxA.

4852-1307-3744v.1 3930033-000039

Hon. Denise L. Cote
September 26, 2017
Page 4

      Thank you for the Court's attention to this matter. The *Post* stands ready to provide any further information that may be helpful to the Court's consideration.

                          Respectfully submitted,

                          Davis Wright Tremaine LLP

                          Jeremy A. Chase

cc:     Arlo Devlin-Brown
        Covington & Burling LLP
        620 8th Avenue, 41st Floor
        New York, NY 10018

        Amanda Kay Kramer
        U.S. Attorney's Office, SDNY
        One St. Andrew's Plaza
        New York, NY 10007