

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 6, 2017

**BY ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **United States v. Anthony Weiner,**
             **17 Cr. 307 (DLC)**

Dear Judge Cote:

       The Government respectfully writes in response to a September 26, 2017 letter submitted on behalf of NYP Holdings, Inc., asking the Court to unseal letters submitted by the victim in this case (the "Minor Victim"), her father, and her grandmother (together, the "Victim Impact Letters") in connection with the defendant's September 25, 2017 sentencing. The Government has consulted with the Minor Victim's family, which requests that the Victim Impact Letters remain sealed. For that reason, and the reasons that follow, the Government respectfully submits that the Court should deny NYP Holdings, Inc.'s request.

       The Justice for All Act of 2004 (the "Act"), which is codified in Section 3771 of Title 18, United States Code, confers specific rights on crime victims, including the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). In the case of a minor victim, those basic rights extend to the minor's family members. 18 U.S.C. § 3771(e)(2)(B). "It is [a court's] duty, under the Act, to ensure that the victims are afforded their rights." *United States* v. *Madoff*, 626 F. Supp. 2d 420, 426 (S.D.N.Y. 2009) (citing 18 U.S.C. § 3771(b)(1)). The Act further provides that the Government may affirmatively assert a victim's rights by moving for relief in the district court, and, if necessary, in the court of appeals. 18 U.S.C. § 3771(d).

       Congress has conferred upon minor victims additional, extensive privacy rights. Litigants, courts, and jurors alike are required to protect the name and "any other information concerning a child." 18 U.S.C. § 3509(d)(1)(A). Any papers that disclose the name or "any other information concerning a child" are required to be filed under seal. 18 U.S.C. § 3509(d)(2). While there are inconsistent practices among district judges on the sealing of victim impact statements, similar

Hon. Denise L. Cote, U.S.D.J.
October 6, 2017
Page 2

victim impact statements and have been maintained under seal.  For example, in *United States* v. *Church*, 702 F. Supp. 2d 615, 617-18 (W.D. Va. 2010), the district court concluded that the victim impact statement did "clearly fall within the purview of 18 U.S.C. § 3509(d)" because it related "to the specific victim in this case," and concerned "the immensely private physical, psychological, and professional effects of the trauma the victim has endured," such that its disclosure would "violate the victim's privacy interests." *Id.*  Likewise, in *United States* v. *Dagostino*, 2013 WL 1454982, *1 (3d Cir. 2013), and *United States* v. *Horsfall*, 552 F.3d 1275, 1279 (11th Cir. 2008), the Courts noted without comment that the impact statement of child pornography victims had been filed under seal.

The Victim Impact Letters, which were provided in full to defense counsel, contain information about the private emotional and psychological experiences of the Minor Victim from her perspective and that of her family.  Maintaining the Victim Impact Letters under seal protects the privacy interests of the Minor Victim pursuant to Title 18, United States Code, Sections 3771(a)(8) and 3509(d).  Accordingly, the Court should deny any request for the unsealing of the Victim Impact Statements.

      Respectfully submitted,

      JOON H. KIM
      Acting United States Attorney for the
      Southern District of New York

By:     /s/
      Amanda Kramer/Stephanie Lake
      Assistant United States Attorneys
      (212) 637-2478/1066

cc:    Arlo Devlin-Brown, Esq. (by ECF and e-mail)
       Jeremy A. Chase, Esq. (by ECF and e-mail)